**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| WARREN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. |

**Civil Action No. 26-1856**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Victims (and their family members) of a bomb attack in Afghanistan's diplomatic quarter by the Taliban and its affiliates bring this action against Iran for its support of those organizations.  <u>See</u> ECF No. 1 (Compl.), ¶¶ 38–43.  The Complaint names a number of Plaintiffs.  <u>Id.</u> at 1–2.  Others, however, seek to proceed pseudonymously, citing concerns of "reprisal[]" targeted at Plaintiffs who remain in or have family members living in Afghanistan.  <u>See</u> ECF No. 2 (Mot. Pseudo), ¶ 4.  While Plaintiffs' Motion and supporting memorandum are scant on detail, they eke out a showing sufficient for the Court to grant at this early stage.  <u>See</u> LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I.      **Legal Standard**

Generally, a complaint must identify the plaintiffs.  <u>See</u> Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  <u>In re Sealed Case</u>, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting <u>Wash. Legal</u>

1

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

Plaintiffs' Motion hinges on their (or their family members') residence in Afghanistan.  See Mot. Pseudo, ¶¶ 3–6; see also ECF No. 2-1 (Mem. Supp.) at 2–3 ("[T]hose individuals without family living in Afghanistan have not requested anonymity.").  They fear that a "serious risk of physical harm to themselves and their family" would result from disclosing their true names because the Taliban — which allegedly perpetrated the underlying bombing — "remains in control of Afghanistan and hostile to those who previously opposed the group."  Mem. Supp. at 2.

2

Plaintiffs' fear of retaliation swings the first two factors towards pseudonymity. Where revelation of a plaintiff's identity would trigger a risk of retaliation from a foreign government, courts have held that the resulting safety interests warrant proceeding pseudonymously. See, e.g., Doe v. Islamic Republic of Iran, No. 26-1002, ECF No. 3 (Mem. Op.) at 3. Plaintiffs living in or with family members residing in Afghanistan do not wish to shield their names "merely to avoid the annoyance and criticism that may attend any litigation." In re Sealed Case, 971 F.3d at 326. They fear reprisal by their own Taliban-controlled government. See Mot. Pseudo, ¶¶ 3–4. The basis for that fear? The Taliban's prior targeting and bombing of Plaintiffs and their family members because of their employment by the United States. Id., ¶ 3. The Court finds it conceivable that Plaintiffs would face physical threats of the same type they have previously experienced. It thus concludes that concealing the Afghanistan-resident Plaintiffs' identities protects their safety interests and mitigates the risk of retaliation they face from their connection with the United States. Cf. J.K.A. v. United States, 2023 WL 12248425, at *2 (D.D.C. Aug. 10, 2023) (second factor favors pseudonymity when plaintiffs faced "threats of retaliation" from and past violence by foreign government); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (permitting pseudonymity where plaintiff "plausibly shows his life will be in greater danger if his name is publicly connected to a complaint revealing his help" to U.S.).

The third factor slightly supports Plaintiffs. This factor calls for pseudonymity when the privacy interests or safety of a minor are implicated — even for adult plaintiffs whose identities are intertwined with their children's. See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."). Here, "some of the family members of the victims [of the bombing] are minors"

whose safety in Afghanistan would also be implicated by disclosure.  See Mem. Supp. at 3.  Some of the Plaintiffs attempting to proceed pseudonymously are themselves the minor children of one of the victims.  See Compl., ¶¶ 12, 14–16.  While the minor Plaintiffs have the right to proceed pseudonymously under Federal Rule of Civil Procedure 5.2(a)(3), disclosure of their close family members' names would make them "easily identifiable and threaten [their] confidentiality."  I.G.I. v. Noem, 2025 WL 4083339, at *1 (D.D.C. Nov. 18, 2025).  The safety interests of both the minor Plaintiffs and the non-plaintiff children of adult Plaintiffs tilt this factor towards pseudonymity.

The Defendant's identity (factor four) militates towards pseudonymity because Plaintiffs sue a foreign government seeking individualized relief.  See Compl. at 26–30; Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity.") (citation omitted).  Pseudonymity is more palatable where — as here — a plaintiff seeks "to vindicate merely his individual right" against a government entity than where litigants attempt to alter the operation of a program or regulation moving forward.  T.F. v. District of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 7, 2023).

Nor would Plaintiffs' pseudonymity prejudice Defendant: Plaintiffs have agreed to reveal their true names under seal.  See Mot. Pseudo at 2.  This Court has repeatedly held that the fifth factor is "not implicated" under such circumstances.  In re Sealed Case, 971 F.3d at 326 n.1; see also R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (fifth factor supports pseudonymity because "[w]hile this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so ex parte").  What is more, Iran rarely appears in suits against it brought — as this

4

one is — under the Foreign Sovereign Immunities Act. <u>See</u> Mem. Supp. at 3. Should it follow that pattern here, Iran "would not be prejudiced by" the withholding of Plaintiffs' identities from the public. <u>Shargi v. Islamic Republic of Iran</u>, No. 26-1193, ECF No. 6 (Mem. Op.) at 4 (D.D.C. May 1, 2026). If Iran does appear in this case, moreover, it may seek reconsideration by the District Judge to whom the case is randomly assigned. <u>Id.</u> at 5.

Without discernible prejudice to Defendant and given the colorable risk of retaliatory harm Plaintiffs face, pseudonymity is warranted at this juncture. The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i. A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court on the public docket; and

    ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: <u>June 3, 2026</u>

5